McNATT *v.* PATRONS' MUTUAL FIRE INSURANCE CO.

INSURANCE—FIRE INSURANCE—MUTUAL COMPANY—ASSIGNMENTS—
LIABLE TO MEMBERS ONLY.

> The assignee of an insurance policy in a mutual company
> which agreed to pay loss only "during the term which the
> assured shall remain and be a member of said corpora-
> tion," could not recover for buildings burned before pay-
> ment of the required membership fee, which was a con-
> dition precedent to membership under the by-laws.

Error to Newaygo; Barton (Joseph), J. Submit-
ted April 20, 1920. (Docket No. 101.) Decided June
7, 1920.

Assumpsit by Elena M. McNatt against the Patrons'
Mutual Fire Insurance Company on a policy of in-
surance. Judgment for defendant *non obstante vere-
dicto*. Plaintiff brings error. Affirmed.

*Alex. Sutherland,* for appellant.

*Harry D. Reber* and *William J. Branstrom,* for ap-
pellee.

SHARPE, J. A policy of insurance was issued by the
defendant company to Charles H. McCullough on Sep-
tember 18, 1917. A few days later, McCullough sold
the land upon which the buildings insured were sit-
uated to the plaintiff, who resides in Chicago. The
Colonial Title & Guaranty Company had a mortgage
on the land. On September 22d, McCullough sent the
following notice to Mr. Riblet, the local agent of the
guaranty company:

"September 22d, 1917.
"FRED W. RIBLET:
"I hereby assign all my interest in and to the in-

surance policy on the buildings and furniture, house-
hold goods contained in them, which is situated on
the southwest of the southwest of section twelve, town-
ship sixteen north, range thirteen west, in Newaygo
county, Michigan, to Elena M. McNatt, Chicago, Illi-
nois, who is the holder of said policy.   Please have
assigned as above stated and oblige,
                    "CHARLES H. MCCULLOUGH."

Riblet, who had possession of the insurance policy,
sent it to the defendant's secretary, Mr. White, on
September 26th, asking that it be transferred to plain-
tiff.   On receipt of this letter, Mr. White wrote plain-
tiff:

                "FREMONT, MICHIGAN, Sept. 27th, 1917.
"MRS. ELENA M. MCNATT,
    "1838 Union Avenue,
        "Chicago, Ill.
"Dear Madam:
    "Mr. Fred W. Riblet, of Muskegon, has sent me
policy number 29620, issued to Charles H. McCul-
lough, for assignment to you.   Before the assignment
can be completed, your membership fee of $2 must
be forwarded to me as provided by the by-laws of
the company.   Please remit the same at once and I
will complete the assignment to you and return the
policy to Riblet.
                    "Yours truly,
                    "MILO A. WHITE, Secretary."

Mrs. McNatt was out of the city when this letter
arrived, but immediately on her return she wrote Mr.
White as follows:

                            "10-4-17, Chicago.
"MILO A. WHITE,
"Dear Sir:
    "Enclosed please find postoffice order for $2, as re-
quested by your letter which I find on my return.
                    "Very respectfully,
                    "E. M. MCNATT."

In the meantime, and on October 2d, the buildings
insured were destroyed by fire.   E. C. Minnick was

living on the farm when the fire occurred. He saw defendant's secretary on October 4th and notified him thereof. He also went to Chicago on the 5th and notified the plaintiff, who in writing also notified the defendant. Defendant's secretary in reply returned the $2 money order she had sent him and advised her that as the loss occurred before the transfer was completed there was no liability on the part of the company. The plaintiff brought suit. After the proofs were submitted, defendant's counsel moved for a directed verdict for the reason that the assignment made by Mc-Cullough to plaintiff could not transfer any right of action thereunder to her until she had become a member of the defendant company and this she could not do until the membership fee was paid by her. The trial judge reserved decision on this motion under the Empson act (Act No. 217, Public Acts of 1915, 3 Comp. Laws 1915, § 14568 *et seq.*) and submitted the case to the jury, who returned a verdict for plaintiff in the sum of $323.25. Defendant then moved for judgment *non obstante veredicto*, which was granted. Plaintiff appeals.

While there are numerous assignments of error, the meritorious question presented is: Was the policy transferred in such a way as to entitle plaintiff to bring suit thereon? The policy reads, in part, as follows:

"In consideration of the premium and fee received * * * The Patrons' Mutual Fire Insurance Company of Newaygo, Muskegon and Oceana counties, subject to the tenor, terms and conditions of its charter and by-laws * * * does hereby insure Charles H. McCullough * * * so long as membership is retained in this company, against all direct loss or damage by fire or lightning to an amount not exceeding one thousand six hundred and fifty dollars."

In a subsequent paragraph, the defendant company agrees to pay such loss "during the term which the

said assured shall remain and be a member of said corporation."

The defendant is a mutual company and, as said in *Kamm & Schellinger Brewing Co.* v. *Insurance Co.,* 168 Mich. 606:

"Its original design was to provide cheap insurance by means of local associations, the members of which should insure each other. Such associations are in their nature adapted only to local business. * * * And it is necessary and equitable that each person who gets insured in them should become subject to the same obligations towards his associates that he requires from them towards himself."

Section 10 of the by-laws provides, in part:

"Any person may become a member of this company whose risk is in either of the said counties * * * by subscribing to such application therefor as the company may provide and use in making insurance, and paying to the secretary a membership fee of two dollars."

Section 13, which provides for assignments, reads:

"The three-tenths of one per cent. paid as premium for insurance shall be available by assignment to cover any property insurable by this company, but the assignee must pay the membership fee of two dollars, unless already a member of the company, in which case such assignee shall pay an office fee of fifty cents only."

Under the terms of the by-laws, the plaintiff could not become a member of the defendant company until the membership fee was paid, nor could she carry insurance without being a member. These provisions are not unusual in mutual companies, and their enforcement is in the interest of the individual members as well as the corporation.

A question quite similar was presented to this court in *Kamm & Schellinger Brewing Co.* v. *Insurance Co., supra,* and an exhaustive opinion written by Mr. Jus-

tice STONE, in which the authorities are reviewed and the rights and liabilities of members in such companies as the defendant discussed. It will serve no useful purpose to restate here what was there said. We, however, quote the following:

"Certainly the insurance ceased as to Mrs. Withers when she conveyed. Simply assigning the policy did not revive it. A further thing was necessary to be done, namely, to present the policy thus assigned to the secretary, make application to become a member of the company, and get the consent of the secretary indorsed thereon."

The conclusion therein reached that the lack of assent by the secretary of the insurance company to the assignment prevented a recovery is controlling of the rights of the plaintiff herein.

The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.