## SIMS v. AMERICAN CENT. INS. CO.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1924.)

No. 3911.

1. **Insurance ⬦⟶283(2)—Under Tennessee law, misrepresentation respecting incumbrances not material.**

It is the law of Tennessee, long settled by decision, that a lien or reserved title on insured property does not increase the risk of loss, and under Shannon's Code, § 3306, providing that no misrepresentation or warranty shall be deemed material, or defeat a policy, unless made with actual intent to deceive, or unless the matter represented increases the risk of loss, a policy insuring an automobile *held* not invalid because of statements in the application that the car was fully paid for, when in fact insured was a purchaser under a conditional sale contract reserving title in the seller, and though by the terms of the policy such misrepresentation rendered it void.

2. **Courts ⬦⟶366(1)—Federal court will accept definition of phrase in statute as defined by state decisions.**

When a state statute adopts a phrase which has been defined by state decisions, the federal courts, applying the statute, will accept the settled definition, just as if it had been made in cases under the statute.

3. **Insurance ⬦⟶282(13)—Under law of Tennessee, conditional purchaser of property is sole and unconditional owner for insurance purposes.**

Under the law of Tennessee, as established by decision, a purchaser of property under a conditional sale contract reserving title in the seller, but by which the purchaser is obligated for the purchase price, is the equitable owner of the property, and entitled, for insurance purposes, to call himself the sole and unconditional owner.

4. **Courts ⬦⟶372(6)—Contract held governed by law of state.**

The decisions of the highest court of the state in which insured property has its situs, as to the nature of the title of insured, for insurance purposes, are binding on the federal courts.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Action at law by Mrs. G. W. Sims against the American Central Insurance Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

J. W. Canada, of Memphis, Tenn. (E. L. Lerner and Canada & Williams, all of Memphis, Tenn., on the brief), for plaintiff in error.

R. Lee Bartels, of Memphis, Tenn., for defendant in error.

Before DENISON and DONAHUE, Circuit Judges, and HICKS, District Judge.

DENISON, Circuit Judge. Mrs. Sims purchased an automobile, at Memphis, under a contract by which the title was reserved to the vendor until full payment. She then insured it with the defendant company for a sum, the major part of which would have been required to discharge the unpaid purchase price. Upon its destruction by fire, she brought this suit in a state court. It was removed to the court below on the ground of diverse citizenship, and, being tried by the court, after written waiver of a jury, there was judgment for the defendant.

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The policy contained an express warranty that the machine was fully paid for, and not mortgaged or otherwise incumbered, accompanied by the statements that the facts upon this subject were known to and warranted by the assured to be true, that the policy was issued by the company in reliance upon the truth thereof, and that the entire policy "shall be void" if the assured has concealed or misrepresented any material fact or circumstance. The policy further contained provisions that "this entire policy shall be void * * * if the interest of the insured in the subject of this insurance be other than sole and unconditional ownership," and that "this company shall not be liable for any loss or damage to any property insured hereunder, while incumbered by any lien or mortgage."

This is a Tennessee contract. It has long been the rule in Tennessee that the existence of a mortgage or lien or reserved title upon insured property does not increase the risk, and hence misrepresentation on that subject is immaterial. Catron v. Insurance Co., 6 Humph. 176; Delahay v. Insurance Co., 8 Humph. 684; Insurance Co. v. Barker, 7 Heisk. 503; Insurance Co. v. Crockett, 7 Lea, 725; Light v. Insurance Co., 105 Tenn. 480, 58 S. W. 851; Insurance Co. v. Estes, 106 Tenn. 472, 62 S. W. 149, 52 L. R. A. 1915, 82 Am. St. Rep. 892; Hughes v. Insurance Co., 147 Tenn. 164, 246 S. W. 23. In 1895 (Acts 1895, c. 160, § 22) this public policy passed into statutory form. The law then made, being section 3306, Shannon's Code, says:

"No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increase the risk of loss."

When the statute was passed, it had become the settled rule of the state, based on its Supreme Court decisions, that the presence of any such lien as herein involved, did not "increase the risk of loss." These words had received judicial definition. The Legislature must be thought to have used this language with knowledge of its existing construction, and we have therefore, in substantial effect, the statutory declaration that a misrepresentation on this subject, made without actual intent to deceive, shall not defeat the policy.

[2] It is not contended that the record indicates any actual intent to deceive; but it is urged that the only effect of the statute was to put a warranty on the same footing as a representation, that it did not attempt to say what false statements would increase the risk of loss, and that whether misstatement as to liens or reserved title are of that character is a question of general law, as to which this court should follow the clearly established general rule, outside of Kentucky, that their falsity will avoid the contract. We cannot escape the conviction that the Tennessee decisions are in effect a construction of statutory language, and therefore plainly binding upon the federal courts. The Supreme Court of Tennessee, by its early decisions, had defined concretely the phrase "increase the risk of loss"; then the Legislature used these words in the statute of 1895; since that time, the Supreme Court has decided the later cited cases upon the theory that these words in the

statute have the same force they had before. The effect upon this court must be the same as if that court, by direct construction of the statute, had declared their meaning.

[3, 4] It is also said that the existence of any liability was conditioned upon the possession by the assured of the "sole and unconditional ownership," and that the statute does not purport to modify or affect this condition, and a Massachusetts case is cited (Ballard v. Globe, 237 Mass. 34, 129 N. E. 290), apparently construing an identical statute in that state, and holding that the existence of an outstanding legal title was a good defense. Here again we find ourselves concluded by the Tennessee decisions. Without quoting from them at length, they impliedly, if not expressly, hold, and approve other cases which directly rule, that the purchaser under such a contract as here appears, having paid or being liable for the entire purchase price, is the equitable owner of the property and is entitled to call himself, for insurance purposes, the sole and unconditional owner. While these cases are construing insurance contracts, they are nevertheless declaring the nature and character of the title which the contract vendee has to property, real or personal, having a situs in Tennessee. This determination of the character of this title would affect other contracts as well as those of insurance, and it is binding upon the federal courts. Bondurant v. Watson, 103 U. S. 281, 289, 26 L. Ed. 447.

For these reasons, the judgment must be reversed, and the case remanded for a new trial.