No. 26,440.

MINNIE E. ZEIGLER, *Appellant,* v. THE KANSAS LIFE INSURANCE COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Cancellation of Policy—Nonpayment of Premium—Notice.* In the statute requiring a notice to be given by the insurer to the holder of a life insurance policy before it is canceled for nonpayment of premium the person referred to as the policyholder is not the beneficiary, but the insured, who entered into the contract and by its terms is to pay the premiums.

2. SAME — *Cancellation of Policy — Notice of Nonpayment of Premium — Amount.* Where a life policy included also insurance against permanent disability and accident under certain circumstances, an objection to the validity of a notice of cancellation for nonpayment of premium, on the ground that the amount of premium therein stated was that charged for the policy as a whole, is held not to be well taken.

Appeal from Shawnee district court, division No. 2; OTIS E. HUNGATE, judge *pro tem.* Opinion filed February 6, 1926. Affirmed.

*Eugene S. Quinton* and *John C. Waters,* both of Topeka, for the appellant.

*Robert Stone, George T. McDermott, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.:   On March 11, 1922, the Kansas Life Insurance Company issued a policy upon the life of the plaintiff's son, payable to her.   The insured died November 23, 1923, and this action was brought to recover on the policy.   The defendant resisted payment on the ground that the policy had been canceled for nonpayment of the premium due March 11, 1923.   The plaintiff contended that the cancellation relied upon was ineffective because the notice thereof required by statute was not sent to the proper person.   Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The case involves the construction of the statute requiring as a preliminary step to the cancellation of a life insurance policy the sending of a written notice to "the holder of any such policy." The plaintiff contends that this phrase refers to the beneficiary; the defendant, that it refers to the insured.   The statute reads:

"It shall be unlawful for any life insurance company other than fraternal doing business in the state of Kansas to forfeit or cancel any life insurance

Life Insurance, 37 C. J. pp. 480 n. 18, 482 n. 49; 14 R. C. L. 983.

Zeigler v. Kansas Life Ins. Co.

policy on account of nonpayment of any premium thereon, without first giving notice in writing to the holder of any such policy of its intention to forfeit or cancel the same. . . . " (R. S. 40-332.)

"Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the holder of any such policy that the premium thereon, stating the amount thereof, is due and unpaid, and of its intention to forfeit or cancel the same, and such policyholder shall have the right, at any time within thirty days after such notice has been duly deposited in the post office, postage prepaid, and addressed to such policyholder to the address last known by such company, in which to pay such premium; and any attempt on the part of such insurance company to cancel or forfeit any such policy without the notice herein provided for shall be null and void. . . . " (R. S. 40-333.)

The word holder in a clause of a life insurance policy authorizing its conversion into cash after fifteen years and the payment of at least ten annual premiums "at the option of the holder," has been interpreted as referring to the beneficiaries. There the policy was payable to the wife of the insured if she survived him, otherwise to their children. The court said:

"We agree entirely with the suggestion that 'holder' or 'holders,' as used in this connection, means those who in law are the owners of the policy, and are entitled to the rights and benefits which may accrue under it; in other words, all the beneficiaries; in the present case, not only the wife, but the children of the insured. . . . Neither the husband, nor the wife, nor both together had power to destroy the vested interest of the children in the policy." (*Entwistle v. Insurance Co., Appellant*, 202 Pa. 141, 144.)

A policy with similar provisions was involved in litigation in New York. An assignee of the insured and his wife was held by the trial court to be entitled to call for and receive the surrender value. (*Travelers' Ins. Co. v. Healey*, 28 N. Y. Supp. 478.) On appeal to an intermediate appellate court, heard by three justices, a reversal was ordered, one justice dissenting, and each of the others writing an opinion. (33 N. Y. Supp. 911.) In one of the opinions it was said (p. 921):

"I am inclined to believe that this policy, which secured the payment of $2,000 to Josephine Doty on the death of her husband, or, in case she did not survive him, to her children, or, if neither wife nor children survive him, to his personal representatives, must be deemed held by the parties to whom it was payable, and that the possession of the policy by the insured, or by either of such parties, must be considered the possession of all. If the policy had been for the wife's benefit alone, she would have been the holder, and could have exercised the option in the eighth clause, or could, with her husband's consent, have assigned the policy, and her assignee could have exercised such option. In such a policy as the one under consideration, in which

several parties are interested, I am inclined to think that the option can only be made by all these parties together; that the word 'holders' means the persons to whom the policy is by its terms payable—the owners thereof."

On a new trial it was held that the option could only be exercised with the concurrence of all the beneficiaries. (44 N. Y. Supp. 1043.) On a second appeal, none of the five justices dissenting, the judgment was modified, the claim of the holder of the assignment from the insured and his wife being upheld, the court saying:

"Alonzo H. Doty, in May, 1874, took out the policy, and paid the premiums for the ten years thereafter, as required by its terms. He thus became the holder and owner of the policy. (*Garner v. Insurance Co.,* 17 Abb. N. C. 7.) In common phrase, he who takes out the policy and pays the premiums is the policy holder." (*Travelers' Ins. Co. v. Healy,* 49 N. Y. S. 29, 30.)

This decision was affirmed by the court of last resort on the opinion from which the above quotation is made. (*Travelers' Ins. Co. v. Healey,* 164 N. Y. 607.) The words quoted have been applied where the insured paid the premiums from the monthly allowance he made the beneficiary, his wife, the amount being either deducted from the allowance before its payment or returned to him by his wife's check. (*Hilton v. New York Life Ins. Co.,* 184 N. Y. Supp. 2, 5.)

In cases involving the statute requiring a notice to be given to the holder of a life insurance policy before its cancellation for nonpayment of premiums this court has heretofore assumed that the insured, who took out the policy and paid the premiums, is the person to whom the notice is to be given, and in discussing the matter has used the word insured as the equivalent of policyholder. (*Lightner v. Insurance Co.,* 97 Kan. 97, 154 Pac. 227; *Clover v. Bankers Life Co.,* 117 Kan. 683, 232 Pac. 1068; *Sanders v. Bank Savings Life Ins. Co.,* 118 Kan. 120, 233 Pac. 1017.) We see no reason for changing the view of the matter so indicated. The person who has been paying the premiums seems the natural and proper one to whom to send a notice of intention to forfeit if payment is not made, and the phrase "holder of the policy" seems a natural and proper one to describe the person who takes it out upon his life and pays the premiums. Whatever it may mean in other connections, we think it is used in the statute under consideration, as applied to a policy like that here sued upon, to designate the insured.

The plaintiff testified that after her son had taken out the policy he handed it to her, saying he had taken it out for her, and it had been in her possession ever since. This in our judgment has no tendency to show that she was its holder within the meaning of the

statute. Nor do we regard the interpretation we have adopted as inconsistent with the statutory provisions that life insurance policies shall inure to the sole use of the beneficiaries and be free from the claims of the assured and person effecting the insurance and their creditors, and from taxes and creditors of the beneficiaries. (R. S. 40-327.)

At the time of making amendments in other respects to the statute involved the word "insured" was substituted for the phrase "the holder of the policy," or a similar expression, in 1925. (Laws 1925, ch. 184, §§ 1, 2.) This change was effected by a bill introduced during the pendency in the district court of the present action, by which it may have been suggested. At all events it is not to be regarded as a legislative interpretation of the original word "holder" as having a different meaning from the substituted word "insured."

Argument has been presented bearing upon whether, in view of the fact that the policy involved reserved a right in the insured to make a change of beneficiaries, the wife had a vested interest in its proceeds. The conclusion already announced makes it unnecessary to pass upon that question.

2. The policy includes an agreement to pay the insured $150 per annum in case of his becoming wholly and permanently disabled before reaching the age of sixty; or $750 if his injury should be due to an accident and resulted in loss of eyesight or of hand or foot. The plaintiff challenges the validity of the notice given to the insured on the ground that the premium named therein—$90.60—was excessive. The argument is that this was the amount required to be paid for the life insurance and also for insurance against the disabilities referred to, and was void because the statute (Laws 1920, ch. 44, § 1) permitted such insurance other than life to be written only in separate policies. The statute contained these provisions: "Such companies may incorporate in their policies or insurance provisions for . . . the granting of an annuity to the insured, or for . . . other benefits, in the event that the insured . . . thereunder shall from any cause become totally and permanently disabled." Moreover in an amendment effective March 24, 1923, this clause was included: *"Provided,* That all policies now in force covering accident and health are hereby validated." We hold the objection to the notice on account of the statement of the premium not to be well taken.

The judgment is affirmed.