CRANK *v.* STATE MUTUAL RODDED FIRE INSURANCE CO.

1. INSURANCE—MUTUAL FIRE INSURANCE—PURCHASER OF PROPERTY CANNOT RECOVER FOR FIRE LOSS WHERE POLICY NOT ASSIGNED TO HIM.

The purchaser of a farm on a contract and of the personalty by bill of sale was not entitled to recover for loss of personalty by fire under a policy issued by a mutual insurance company to the vendor, where the by-laws of the company requiring, in case of transfer of the property with continuance of the insurance, that an assignment be made with signatures of the vendor and vendee and approval of the secretary of the company, was not complied with, although the vendee paid the assessment on notice to his vendor.

2. SAME—MUTUAL FIRE INSURANCE COMPANY INSURES MEMBERS ONLY.

A mutual fire insurance company insures members only, and a purchaser of property, real or personal, covered by insurance in such company, cannot, even by assignment, become an insured without also becoming a member in accordance with the charter and by-laws provisions.

Error to Genesee; Black (Edward D.), J. Submitted April 19, 1927. (Docket No. 118.) Decided July 29, 1927.

Assumpsit by Frederick Crank against the State Mutual Rodded Fire Insurance Company on a policy of insurance. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*William S. McNair (N. Calvin Bigelow,* of counsel), for appellant.

*Kinnane & Leibrand,* for appellee.

WIEST, J. This is an action on a fire insurance

¹Fire Insurance, 26 C. J. §§ 150, 586; Insurance, 32 C. J. § 71, ²Id., 32 C. J. §§ 67, 71.

policy, issued by defendant company to J. J. and Florence Waggoner. Defendant is a mutual fire insurance company, organized under the laws of this State. The policy to the Waggoners insured farm buildings, live stock, and farm products owned by them. November 11, 1921, the Waggoners sold the farm to plaintiff on land contract and the next day sold the live stock, tools, and farm products to him by bill of sale.

In case of transfer of property, with continuance of the insurance in the purchaser, the by-laws of the company require an assignment of the policy, the signatures of the vendors and vendee and the approval of the secretary of the company. No attempt to transfer the insurance to plaintiff was made. July 1, 1922, the company sent the Waggoners notice of assessments due, with penalty. This notice reached plaintiff through the Waggoners with whom he had agreed to keep the premises insured, and he sent the following letter to the company on July 13, 1922:

"Find herewith inclosed money order of $39.60 for insurance on the property. Kindly excuse it being late but the change of property took quite a time to straighten out. Mr. J. J. Waggoner still holds the policy, but kindly forward receipt of this payment to me, thanking you in advance."

July 15, 1922, the secretary of the company mailed plaintiff a post card reading:

"May assessment, 1922.
"Policy No. 16367.
"Received from the person to whom this card is addressed the amount given herein in payment of assessment.

| | |
|---|---|
| Assessment | $36.00 |
| Stipulated damage | 1.80 |
| Total | $37.80 |

"The assessment was called May 1, 1922."

July 26, 1922, the secretary sent plaintiff a letter reading:

"We are in receipt of $39.60 in payment of your May, 1922, assessment on policy No. 16367 and we are herewith inclosing receipt for $37.80.

"According to a recent revision to article 10 of the charter if a delinquent assessment is paid before suit is started for collection 50 per cent. of the damage should be returned to the assured.   Therefore, we are inclosing check for $1.80, 50 per cent. of the damage which was added to this assessment."

September 25, 1922, fire destroyed one of the buildings and the farm tools and products.   Notice of the loss was given the company, a claim being made for $2,800.60, loss on personal property.   October 27, 1922, the secretary of the company wrote the following letter to plaintiff's attorney:

"Answering your letter of the 23d inst., wish to advise that policy No. 16367 was issued to J. J. & F. Waggoner and that no one else's property can be protected under this policy.   Therefore, the claim of Mr. Frederick Crank cannot be allowed, as we have no contract with him of any nature."

February 3, 1923, the company paid J. J. and F. Waggoner $2,866.18, in full for loss on the building covered by the policy in suit, which sum included $41.18 for interest.

At the close of plaintiff's proofs the court granted defendant's motion for a directed verdict in its favor and entered judgment for defendant.   We review by writ of error.

"The plaintiff contends that, under the peculiar circumstances of the case, there was a contractual relation established between the defendant and the plaintiff— or at the least evidence tending to establish it—and that therefore the case ought to have been submitted to the jury."

Defendant claims that plaintiff never became a member of the company, and, therefore, cannot claim any

benefits, and to grant him relief would require a holding that he became a member of the company by way of estoppel.   The policy was issued to the Waggoners and never assigned by them to plaintiff.   There was reason in paying the Waggoners the loss on the building for the legal title was in them, and they had not assigned the policy.   The insurance on the personal property was of no concern to the Waggoners and the claim included property they never owned and farm products raised after plaintiff's purchase.

Defendant relies on the holdings of this court in *Kamm & Schellinger Brewing Co.* v. *Insurance Co.,* 168 Mich. 606; *Harper* v. *Insurance Co.,* 173 Mich. 459; *Leonard* v. *Insurance Co.,* 192 Mich. 230; *McNatt* v. *Insurance Co.,* 210 Mich. 610.

The opinion of Mr. Justice STONE in the *Kamm Case* is applicable to this, and leaves nothing further to be said on the subject.   In the *Kamm Case* there was an assignment of the policy to the purchaser, but no approval by the secretary.   In the case at bar there was no assignment of the policy, and, of course, without it, no approval by the secretary.

We find nothing in this record taking this case out of the well-established rule that a mutual fire insurance company insures members only, and a purchaser of property, real or personal, covered by insurance in such a company, cannot, even by assignment, become an insured without also becoming a member of the mutual company in accordance with the charter and by-law provisions.

The judgment is affirmed, with costs to defendant.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.