## KELLY v. NEW ENGLAND MUT. LIFE INS. CO.

District Court, E. D. Pennsylvania. March 19, 1929.

No. 12638.

George J. Edwards, Jr., of Philadelphia, Pa., for plaintiff.

Fraley & Paul, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge. The plaintiff's position in this case is that the words, "the holder of this policy," and "the holder," in the nonforfeiture provisions of the policy, mean the beneficiary, or, as she is called in this policy, the annuitant; that inasmuch as the nonforfeiture provisions give certain options in case of default in the payment of premiums, if the right to such options were to be of any value, the beneficiary was entitled to receive notice of such default; and that, not having such notice, she is now, after the death of the insured, entitled to exercise the right of election between the options referred to.

A consideration of the policy makes it clear, however, that the plaintiff's interpretation of the words, "the holder," which is the basis of her whole case, cannot be sustained. The plaintiff does not contend, and could not successfully contend, that, as beneficiary, she was entitled to notice of default in payment of premiums. New England Mutual Life Ins. Co. v. Clinchfield Coal Corp. (C. C. A.) 9 F.(2d) 46, 51. Her rights, if any, in this respect, must depend upon whether she is included in the provisions of the nonforfeiture clause relating to the holder. But these words plainly refer to that person who at any particular time has an interest in the contract of insurance as distinguished from the proceeds; in other words, the person who is paying the premiums, or, more definitely, the insured or his assignee.

If the policy be read carefully, it will be seen that the word "insured" appears twelve times, and the word "annuitant," referring to the person to whom the proceeds are payable, nine times. Thus, the two parties whom the insurance company, whose language it is, had in contemplation at the time of issuing the policy, were precisely named and distinguished. The policy might, however, be assigned later on, and in the nonforfeiture provisions the parties had to deal with a situation which might arise under an assignment. The person paying the premiums at that time might be the insured, or some one else. Obviously, "holder" was adopted as an apt and convenient word to describe either of these persons who might be paying the premiums at that time.

Much of the plaintiff's argument is directed to the point that the beneficiary of a policy of insurance has certain rights in the proceeds which vest at the time when the designation is made in accordance with the terms of the contract. There is no doubt about that proposition. The contract of insurance is in this respect sui generis, but the beneficiary's rights do not in any sense make her the owner of the contract. In Chase National Bank et al. v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. ——, Mr. Justice Stone points out what the rights of the persons paying the premiums are, and leaves no doubt that such person is the real owner of the contract. To such a person, the word "holder" may be more aptly applied than to one who has an interest in the proceeds, no matter how well fortified that interest may be.

In Entwistle v. Travelers' Ins. Co., 202 Pa. 141, 51 A. 759, the case most strongly relied upon by the plaintiff, the policy did not contain any provision that, in order to surrender the policy and receive its cash value, the holder had to obtain the written consent of the beneficiary. The court in that case was therefore faced with the alternative of either construing the word "holder" to mean the beneficiary, or, if it construed it to mean the insured, adopting a construction which would result in wiping out the interest of the beneficiary. The avoidance of such a construction was clearly an important element in the court's decision. In the case now before the court, the nonforfeiture provisions carefully preserve the vested interests of the beneficiary. The second option is to take paid-up insurance. That of course means insurance in favor of the beneficiary. The third option is to take extended term insurance. Again, necessarily in favor of the beneficiary. The first option, providing for a surrender of the policy and the payment of cash, can be exercised only if the beneficiary consents in writing. The whole intent of these provisions appears to be to give the party with whom the insurance company contracted and whose money sustained the policy and kept it in force a large measure of control as to the form in which the beneficiary should receive her interest, while at the same time preserving her rights in the substance of such interest.

The construction here given is that adopted in the great majority of decisions which have come to the attention of the court. Zeigler v. Kansas Life Ins. Co., 120 Kan. 252, 243 P. 272, 44 A. L. R. 1367, and the cases there reviewed; Travelers' Ins. Co. v. Healey, 25 App. Div. 53, 49 N. Y. S. 30; Hilton v. New York Life Ins. Co., 113 Misc. Rep. 74, 184 N. Y. S. 2, 5; Federal Life Ins. Co. v. Kemp (C. C. A.) 257 F. 265. (The word in this case was owner.)

The arguments as to whether this contract was to be performed in Massachusetts or Pennsylvania need not be considered. In the first place, the Pennsylvania decision (Entwistle v. Travelers Ins. Co., supra) relied upon by the plaintiff involves the construction of a policy somewhat different in its terms from the one here considered, and the issue arose under entirely different circumstances. In the second place, the point involved here was not considered in that decision. Both parties assumed that the word "holder" meant the beneficiary, and the only question was, what beneficiaries were included. In the third place, even if this were not to be considered a question of general or commercial law, there is no long established or well understood rule in Pennsylvania upon the subject; and, lastly, the great weight of authority is to the effect that this is a question of general or commercial law as to which the decisions of the state courts are not binding. Ætna Life Ins. Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356; Hawkeye Commercial Men's Ass'n v. Christy (C. C. A.) 294 F. 208. This is clearly the holding in this circuit. Meigs v. London Assur. Co. (C. C.) 126 F. 781, affirmed (C. C. A.) 134 F. 1021. In apparent conflict are Turk v. Newark Fire Ins. Co. (D. C.) 4 F.(2d) 142; Sims v. American Cent. Ins. Co. (C. C. A.) 296 F. 115.

The affidavit of defense is adjudged sufficient.