## KELLY v. NEW ENGLAND MUT. LIFE INS. CO.

### No. 4557.

Circuit Court of Appeals, Third Circuit.
Aug. 27, 1931.

See, also (D. C.) 32 F.(2d) 611.

Geo. J. Edwards, Jr., and Hiram B. Calkins, both of Philadelphia, Pa., for appellant.

Fraley & Paul, of Philadelphia, Pa. (Henry Paul and Henry N. Paul, Jr., both of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Mrs. Martha Ellen Kelly (who is since deceased and John P. Kelly, her administrator, being thereafter substituted) brought suit against the New England Mutual Life Insurance Company to recover on a policy of insurance. The facts in the case, about which there is no dispute, were: On September 27, 1912, the company issued a policy of insurance on the life of Thomas Francis Kelly. It was made payable to his wife, Martha Ellen Kelly. The annual payments of premiums were paid by the insured until and including September 27, 1919. Although notice of the nonpayment of the premium due December 27, 1920, was given the insured, he neither paid it nor any premium subsequent to that of September 27, 1919. No notice of the nonpayment of any premium was given to the wife, and she had no knowledge of the nonpayment thereof by her husband until after his death on December 7, 1924. Although notified of his default in failing to pay his premiums, the insured during the four years following before his death took no steps to avail himself of the provisions in the policy, viz.:

"The holder of this policy, in case of default in the payment of any premium after three full annual premiums have been paid hereon, shall be entitled to the commuted value of the annuity certain in cash, paid-up or extended insurance for the amounts and terms stated in the table below, plus a proportionate part of the increase in the values at the end of the succeeding year if any instalment not less than a quarterly instalment of the premium for that year has been paid, and any dividend additions thereto; and, during the term of grace or within thirty-one days thereafter, may by a writing filed with the company at its Home Office elect,—

"First. To surrender the policy and, within the written assent of the person to whom it is made payable, receive its value in cash; or

"Second. To take paid-up insurance for its then value; such paid-up insurance shall be payable in one sum at maturity and shall participate annually in the distribution of surplus and have increasing loan and cash values; or

"Third. To have the policy continued in force as extended term insurance from the anniversary date last past for its commuted amount of $15,320, including any outstanding dividend additions, and less any indebtedness thereon or secured thereby, but without the right to loans; such extended term insurance will have a cash surrender value and will participate in the annual distribution of surplus made by the Company, the share apportioned thereto to be payable in cash.

"If, during said term of grace or within thirty-one days thereafter, the holder shall not elect one of the foregoing options, then this policy shall be automatically continued as paid-up participating insurance for its then value as provided in the second option.

"Any indebtedness to the company for premiums, premium notes or policy loans shall be deducted from the surrender value if paid in cash, but if paid-up or extended insurance is taken, the amount or duration thereof shall be reduced proportionately."

Alleging the word "holder" in the foregoing provisions meant Thomas Francis Kelly, the insured, and it being conceded he had not paid his due premiums, the insurance company contended that such nonpayment by the insured and his failure to otherwise elect automatically made the second option the fixed status of the policy, under that option it conceded a liability of $4,627.95 on the policy, which, with costs, it was willing to pay, but which the plaintiff on the other hand refused to accept.

On the other hand, his wife, the beneficiary, claimed she was the holder referred to in these options, and that, having no notice of the failure of the insured to pay his premiums, the status of the policy was not fixed as contended for by the insurance company.

It will thus be seen that the single question involved in the case is the meaning of the word "holder" in the clauses quoted. On that question the court below held with the insurance company that the word "holder":

meant Thomas Francis Kelly, the insured. Its views are expressed at length in an opinion reported at 32 F.(2d) 611, a reference to which will obviate present restatement.

After due consideration had, we find ourselves in accord with the holding of the court below that the word "holder" in the provisions quoted meant Thomas Francis Kelly, the insured.

So holding, the judgment below is affirmed.