USCA1 Opinion

 

 October 24, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1201 UNITED STATES, Appellee, v. JOSE MIGUEL CRUZ, A/K/A JOSE CRUZ MORILLO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Robert A. Levine on brief for appellant. ________________ Jay P. McCloskey, United States Attorney, Jonathan R. Chapman, _________________ ____________________ Assistant United States Attorney, and Margaret D. McGaughey, on brief _____________________ for appellee. ____________________ ____________________ Per Curiam. Appellant Jose Miguel Cruz appeals the ___________ refusal by the district court to depart downward from the applicable guideline when it sentenced Cruz to 70 months in prison after he pled guilty to conspiracy to a drug charge. Cruz raises two claims on appeal. After carefully reviewing the record in this case, we affirm. Cruz's first claim is that the district court erred in holding that it was without authority to grant Cruz a downward departure based on his substantial assistance to the government. The government did not move for a departure in this case. The district court properly held that, since the government did not move for a departure for assistance, pursuant to U.S.S.G. 5K1.1, the court was without authority to depart on that basis. United States v. Romolo, 937 F.2d _____________ ______ 20, 23 (1st Cir. 1991).  Cruz says that he sought his departure under the general departure provisions of section 5K2.0. This court has said in Romolo that it was "theoretically possible, albeit ______ unlikely" that a substantial assistance departure could be based on the latter section and granted without government _______ consent. Id. at 25. But having reviewed the record in this __ case, we think that there is nothing even arguably so extraordinary as to take this case out of the general rule that a motion by the government is required for a substantial assistance departure. -2- Cruz's second claim is that the district court erroneously believed that it was without authority to grant him a downward departure based on the allegedly "unusual circumstances" of his case, such as his rehabilitation in prison, the collateral consequences of his probable deportation, and his assistance in persuading a fellow inmate to cooperate with the government. However, considering the context of the sentencing hearing as a whole, see United ___ ______ States v. Morrison, 46 F.3d 127, 130-131 (1st Cir. 1995), we ______ ________ are convinced that the court understood that it possessed the authority to depart on these grounds in an appropriate case but found the facts peculiar to Cruz not so unusual as to justify a downward departure. Such a judgment, supported by the record in this case, is not reviewable on appeal. United ______ States v. Pierro, 32 F.2d 611, 619 (1st Cir. 1994); United ______ ______ ______ States v. LeBlanc, 24 F.3d 340, 349 (1st Cir.), cert. denied, ______ _______ ____ ______ 115 S.Ct. 250 (1994). Affirmed. See 1st Cir. R. 27.1. ________ ___ -3-