KINNE *v.* FARMERS MUTUAL FIRE INSURANCE CO.

1. INSURANCE — MUTUAL COMPANIES INSURE MEMBERS ONLY — MEMBERSHIP NOT OBTAINABLE BY ESTOPPEL.

Mutual fire insurance companies insure only their members, and membership therein may not be obtained by estoppel.

[1] Insurance, 32 C. J. § 71 (Anno).

2. DESCENT AND DISTRIBUTION—TITLE PASSES ON DEATH OF OWNER SUBJECT TO DEBTS AND ADMINISTRATION EXPENSES.

Upon the death of the owner of real estate the title passes to the heir subject to debts and expenses of administration, and the title passes as of the date of death rather than as of date of final order of the probate court.

3. INSURANCE—FORFEITURE OF POLICY NOT FAVORED.

Since forfeitures are not favored in the law, the provisions of the charter of a mutual fire insurance company should be so construed as to work the forfeiture of a policy only after careful consideration.

4. SAME—MUTUAL FIRE INSURANCE COMPANY CHARTER CONSTRUED —HEIRS OF MEMBERS MAY CONTINUE INSURANCE.

A policy in a mutual fire insurance company did not lapse upon the death of the insured member where the heirs continued to pay the premiums demanded, although a section of the charter of insurer provided that the insurance should cease upon change of title of the insured property, in view of another section providing that the heirs, administrators, and assigns of insured members, continuing to be insured, should become and be held as members.

5. SAME — PROVISION FOR PAYMENT OF FEES APPLIES TO NEW POLICIES ONLY.

A provision in the charter of a mutual fire insurance company for the payment of certain fees by persons becoming members applies to new policies only, and, therefore, is not applicable where heirs of a deceased member continue the policy in force by paying the premiums.

6. SAME—CHILDREN WHO TOOK UNDER WILL HEIRS OF DECEASED WITHIN MEANING OF INSURANCE POLICY.

Children of deceased who took under a will rather than under the statute of descent were "heirs" of deceased, within the commonly accepted meaning of the word, and within its meaning as used in the charter of a mutual fire insurance company, providing that "heirs" of a member might continue the insurance in force.

Error to Hillsdale; Dingeman (Harry J.), J., pre-

²Descent and Distribution, 18 C. J. § 133; 9 R. C. L. 72; 2 R. C. L. Supp. 742; 6 R. C. L. Supp. 541; ³Fire Insurance, 26 C. J. § 79; ⁴Insurance, 32 C. J. § 73; ⁵Id., 32 C. J. § 73; ⁶Id., 32 C. J. § 73.

siding.   Submitted January 17, 1928.   (Docket No. 98.)   Decided February 14, 1928.

Assumpsit by Florence B. Kinne and others against the Farmers Mutual Fire Insurance Company of Hillsdale County on a policy of insurance.   Judgment for plaintiffs.   Defendant brings error.   Affirmed.

*F. H. Stone* (*Ferris D. Stone,* of counsel), for appellant.

*Paul W. Chase* and *W. D. Grommon,* for appellees.

Defendant, as its name imports, is a mutual fire insurance company.   On November 17, 1921, it issued its policy of insurance to Jennie B. Kinne upon the dwelling house on a farm owned by her in Moscow township in Hillsdale county.   She died January 25, 1922, and by her will the farm was given to her children, the plaintiffs in the instant case, who were her heirs at law.   They continued the payment of all assessments levied by defendant including those on an additional $500 added to the policy by and through the agent of defendant for that township who issued the original policy and who then had knowledge of the death of Mrs. Kinne.   The house was destroyed by fire and it is admitted that if plaintiffs are entitled to recover they are entitled to recover the full amount of the policy.   The following provisions of defendant's charter are deemed important by counsel:

"14.   All persons effecting insurance in this company, and also their heirs, administrators or assigns, continuing to be insured, shall thereby become and be held as members of said company during the period of their insurance, and shall be bound to pay their proper share of all losses and such necessary expenses as may accrue to said company.   But any member may withdraw at any time by giving his policy to the secretary and paying his or her proportion of all

losses and expenses due from him or her to said company.

"16. Any person becoming a member of this association shall pay to the secretary, who is to act as agent before mentioned, the sum of one dollar, together with ten cents on each one hundred dollars insured.

"19. That part of the assessment roll belonging to each township shall be copied into a book belonging to said township. Each member shall pay his or her assessment to the treasurer of said company, or to his agent, within thirty days after being notified of the amount of said assessment. · But in default of such payment, and at the time above mentioned, it shall be lawful for the secretary of said company to cancel the policy or policies of any and all such defaulters, and the collection of such assessment or assessments may be made according to law. And the above named assessment roll shall be evidence in all courts of law that the amount assessed is due this company and payable by the person or persons so assessed.

"24. The insurance of any member shall cease upon the changes of title to the property insured, but he or she shall be holden for all assessments until his or her policy is legally withdrawn."

It is insisted on behalf of defendant that plaintiffs are not members of defendant company and that the policy was voided under section 24 of the charter, and that the date of its voidance was the date the property was assigned to plaintiffs by the probate court, which antedated the date of the fire.

FELLOWS, J. (*after stating the facts*). This court has quite consistently held that mutual insurance companies such as defendant insure only their members, and that membership in such companies may not be obtained by estoppel, the latest speaking of the court being in the case of *Crank* v. *Insurance Co.*, 239 Mich. 642. But plaintiffs do not claim to be members by estoppel. They claim to be members by reason of the provisions of section 14. They claim that from the death of their ancestor they have continued to pay

all assessments levied pursuant to section 19 of the charter, none of which were tendered back until the day of the trial, have taken out additional insurance, and have, therefore, continued their membership granted by that section.   While defendant's secretary testifies that defendant has not relied on the provision of section 24 in cases where the fire occurred before the estate is closed, it is obvious that if defendant's contention is accepted, on the death of a member the insurance is at an end and what has been done as a matter of grace does not alter the law.   Upon the death of the owner the title passes to the heir subject to debts and expenses of administration.   The heir takes title as of the date of that event rather than as of the date of the final order of the probate court, and unless the provisions of section 14 make him a member the policy is forfeited.   Forfeitures are not favored in the law and before we give a construction to these provisions which would operate to work a forfeiture, we should be pretty well satisfied of our grounds.

Section 16 invoked by defendant is manifestly applicable to new policies.   To hold that the heir did not become a member until and unless he took all the steps necessary to procure a new policy would render the provisions of section 14 meaningless and of no value.   They were placed in the charter for a purpose and we think that purpose is obvious and should be given effect.   They were placed there to prevent the lapsing of the policy on the death of the insured, to permit the heir to step into the shoes of the ancestor and by continuing the payment of the assessments to continue the insurance in force for his benefit.   If the provisions of section 14 had this purpose, and we think they had, it necessarily follows that the provisions for forfeiture found in section 24 do not have refer-

241—Mich.—41.

ence to a change of title occasioned by the death of the insured.

It is suggested rather than urged that plaintiffs took under the will rather than under the statute of descent, and, therefore, were not heirs.    But we do not think the word "heirs" should be given so narrow or technical meaning.    Speaking of that word, Mr. Justice COOLEY, who wrote for the court in *Hascall* v. *Cox,* 49 Mich. 435, 440, said:

 · "But in common speech the word is frequently used to indicate those who come in any manner to the ownership of any property by reason of the death of an owner, and may then include next of kin and legatees as well as those who take by descent."

The judgment will be affirmed.

NORTH, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.