ENGEL *v.* STATE MUTUAL RODDED FIRE INSURANCE CO.

1. INSURANCE—MUTUAL INSURANCE COMPANIES—REFORMATION OF INSTRUMENTS—EQUITY.

In suit to reform mutual fire insurance policy, court may not write new contract for parties.

As to reformation of insurance policy, see annotation in 5 L. R. A. 712.

2. SAME—NECESSARY THAT ASSURED BE BOUND AS WELL AS INSURER.
   In case of policy in mutual insurance company, it is necessary not only that company be bound by policy, but that assured also be known to company and be bound by contract, so that assessments may be levied and collected from him.

3. SAME—ASSURED MUST BE PARTY TO CONTRACT.
   Very nature of mutual insurance is such that assured must be party to enforceable contract.

4. SAME—ASSUMPTION OF LIABILITY BY ASSURED NECESSARY.
   Assured in mutual insurance policy must have properly assumed liability for losses of other members before he can claim that latter should be assessed to pay his losses.

5. SAME — REFORMATION OF INSTRUMENTS — EQUITY — MISTAKE — FRAUD.
   Where mutual fire insurance policy was issued to owner of property, and, after his death, property passed to his heirs, but no change was made in policy, reformation thereof may not be had, after fire loss, on ground of mistake or fraud.

Appeal from Ontonagon; Driscoll (George O.), J. Submitted January 21, 1932. (Docket No. 85, Calendar No. 36,084.) Decided March 2, 1932.

Bill by Mary Engel and others against State Mutual Rodded Fire Insurance Company of Michigan, a corporation, and another to reform an insurance policy. Decree for plaintiffs. Defendant insurance company appeals. Reversed.

*Kinnane & Leibrand,* for appellant.

*John B. Bennett* and *Jones & Patek,* for appellees.

BUTZEL, J. On the 30th day of July, 1924, Robert C. Engel of Ewen, Ontonagon county, Michigan, became a member of the State Mutual Rodded Fire Insurance Company, and secured from defendant company a policy for $1,200 on his dwelling house

and $1,100 on its contents. The defendant company was organized in pursuance of Act No. 262, Pub. Acts 1895, and the amendments thereto, for the mutual protection of the property of its members on property consisting principally of buildings that were properly equipped with lightning rods. Each member was assessed for his ratable proportion of the liabilities of the company, the assessments becoming due on the anniversary of the issuance of this policy. A member became liable for his ratable proportion for all losses and expenses of the company while his policy was in force. In case of the death of a member, the policy continued in full force and effect as long as the ownership of the property remained in the estate of the deceased, and the requirements in the charter and by-laws were complied with. In order to transfer the policy, it was necessary to fill out the blank form on the policy and send it to the company for its approval.

Robert C. Engel died on the 22d day of April, 1925, and upon his will being admitted to probate, his wife, Mary Engel, was appointed executrix. The probate court, on the 17th of February, 1926, entered an order assigning the residue of the estate to Mary Engel, widow, as long as she remained unmarried, and upon her death or marriage, the remainder to his children Myrtle Sain, Elsie Summers, Viola Engel, and Charles Engel. The order assigning the residue was recorded on July 9, 1926. No order discharging the executrix was made. Defendant introduced a certified copy of a duly recorded quitclaim deed dated September 24, 1926, from Charles J. Engel and wife to Myrtle Sain for the property on which the dwelling stood.

Engel had represented defendant corporation as local agent. Upon learning of his death, the com-

pany, in expressing its condolence, asked that all
Engel's records relating to the company's business
be turned over to another agent. Notices of assess-
ment were sent subsequent to Mr. Engel's death and
were paid for the years 1927 and 1928. The com-
pany denies having had knowledge of Mr. Engel's
death previous to the fire loss, but the testimony
leaves but little doubt that the company was notified,
and that its letter of acknowledgment and condolence
was destroyed by the fire which occurred on or about
July 22, 1929. It resulted in the destruction of the
dwelling and contents. The company was promptly
notified of the loss, and a letter addressed to Robert
Engel stated that an adjuster would call on him with-
in a few days to assist in making proofs of loss. He
arrived on July 31, 1929, and proofs of loss prepared
by the adjuster were signed by Mrs. Engel and
Charles J. Engel. They also bear the signature of
"Robert C. Engel, Dec'd" by Mrs. Robert C. Engel.
They set forth that Robert C. Engel died April 22,
1925, the estate probated during the same year, and
that under the will Mrs. Engel was to receive the
use of the farm as long as she lived, and then it was
to go to Charles, and that all the personal property,
which was turned over to her, had been loaned by
Mrs. Engel to Charles, and that she waived all rights
to the insurance on the personal property. The
proofs of loss were sworn to by Mrs. Robert C. Engel
before W. G. Simpson, the company's adjuster. A
transfer of the policy, also dated July 31, 1929, from
"Robert C. Engel, Dec'd" to Mary and Charles J.
Engel, bears the signature "Robert C. Engel, de-
ceased," in one place, and at the end it is also signed
by Mary Engel and Charles J. Engel. On August 6,
1929, this assignment was approved by W. T. Lewis,
the secretary of the company, as is evidenced by his

signature. The company's records were changed accordingly. The assignment shows that there is a mortgage on the property. The company at first offered to pay $1,200 for the building loss provided all liability for the loss of personal property was disclaimed by the Engels. They, however, refused to accept this offer, and after some correspondence, a suit at law was brought in the circuit court of the county of Ontonagon against the insurance company, defendant herein, by Mary Engel, as administratrix of the estate of Robert C. Engel, deceased. An answer was filed by defendant insurance company, which, among other defenses, claimed that neither plaintiff nor the estate of Robert C. Engel had any rights in the property, that the estate had been administered, residue assigned, and the policy, therefore, was of no effect at the time the property described in the policy had been destroyed by fire. The court, on petition of the plaintiffs' attorney, granted an order transferring the case to the equity side of the court with leave to file a bill to reform the policy to conform with the true ownership of the property in accordance with the insurable interests thereunder. On October 9, 1930, the attorney for plaintiff entered an order dismissing the case without prejudice and notified the attorneys for defendant, who subsequently moved that the order be set aside unless the plaintiff paid the taxable costs upon discontinuance. The court denied this motion.

On September 12, 1930, Mary Engel, Viola Engel, Elsie Engel Summers, Myrtle Engel Sain, and Charles J. Engel, as plaintiffs, filed a bill of complaint in the instant case in the circuit court for the county of Ontonagon in chancery, against the defendant insurance company and against Mary Engel, as administratrix of the estate of Robert C. Engel,

deceased, as defendants. They asked for reformation of the policy so as to make it payable to them, and thereupon, they be decreed to be entitled to the $1,200 insurance on the building and the $1,100 on the personal property. Subsequently, Mary Engel, as administratrix, filed a disclaimer stating that she had no interest in the subject-matter.

The attorney for the insurance company admitted that, if his client is liable, it would be for the amount of the insurance, but he claimed that a court of equity has no power to reform this contract as prayed for. The company has appealed from a decree in favor of plaintiffs. This is not a law case, where the right has been denied an insurance company to claim forfeiture after its acts and conduct constituted a waiver. It is not even claimed that the contract fails to express the real agreement of the parties. The contract stands today as it was when entered into except that the names of Mary Engel and Charles J. Engel have been entered on the books of the insurance company as owners of the property. We cannot write a new contract for the parties. We have repeatedly held that, in the case of mutual insurance companies, it is of the greatest importance that not only the company be held liable but that the assured be also known to the company and be bound by the contract, so that assessments can be properly levied, and collected from him. The very nature of this type of insurance is such that the assured must be a party to an enforceable contract. *Kamm & Schellinger Brewing Co.* v. *Insurance Co.*, 168 Mich. 606; *Harper* v. *Insurance Co.*, 173 Mich. 459; *Leonard* v. *Insurance Co.*, 192 Mich. 230; *McNatt* v. *Insurance Co.*, 210 Mich. 610. In the case of *Crank* v. *Insurance Co.*, 239 Mich. 642, 645, decided upon the

authority of *Kamm & Schellinger Brewing Co.* v. *Insurance Co., supra,* this court said:

"We find nothing in this record taking this case out of the well-established rule that a mutual fire insurance company insures members only, and a purchaser of property, real or personal, covered by insurance in such a company, cannot, even by assignment, become an insured without also becoming a member of the mutual company in accordance with the charter and by-law provisions."

The assured must have properly assumed the liability for the losses of other members before he can claim that the latter should be assessed to pay his losses.

Plaintiffs obviously cannot base their claim for reformation on the ground of mistake or fraud, for the policy was admittedly correct in the first instance. They now seek to change some of the parties to a mutual contract, and, after a loss has occurred, substitute for the assured parties who were unknown to the company and strangers to the contract prior to the loss and at no time legally liable for the assessments. We are constrained to hold that the trial court was in error in granting the relief prayed for by plaintiffs, and the decree is reversed, with costs, and the bill dismissed.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.