STATE MUTUAL RODDED FIRE INS. CO. *v.* ENGEL.

1. PLEADING—SPECIAL APPEARANCE—WAIVER OF DEFECTS—PROCESS.
   Party appearing specially for sole purpose of quashing service of improper summons is not obliged to attack bill of complaint on account of any inherent defects, hence is not precluded from making such attack upon special appearance after proper service.

2. SAME—DEFECTS—COURT RULE.
   Court will not refuse to consider motion to dismiss bill containing defects apparent on the face thereof which could not be waived nor cured by amendment even though such motion was not filed within time provided by court rule (Court Rule No. 27, § 6 [1933]).

3. INJUNCTION—BILLS OF PEACE—VEXATIOUS LITIGATION.
   Bill in Genesee county, styled a bill of peace, *held,* properly dismissed on motion therefor where it alleged that defendants herein, in Ontonagon county, had lost two suits for fire loss under insurance policy, one of which had been appealed to the Supreme Court, and then commenced two actions at law in each of which plaintiffs herein had filed motion to dismiss but no hearings had been held thereon, nor declarations filed, since the bill does not show pending suits constitute vexatious recurrence of litigation as the nature of the later actions has not been indicated and plaintiffs have adequate remedy at law.

4. SAME—BILLS OF PEACE.
   A bill of peace is a bill filed for securing an established legal title against the vexatious recurrence of litigation by an individual reiterating an unsuccessful claim.

5. PLEADING—COURT RULES—INJUNCTION.
   Failure to file declarations in actions at law within time required by court rule may be corrected on proper showing, such as interposition of injunction by defendants thereto (Court Rule No. 27, § 1 [1933]).

Appeal from Genesee; Parker (James S.), J. Submitted October 11, 1934. (Docket No. 24, Calendar No. 37,369.)    Decided December 10, 1934.

Bill by State Mutual Rodded Fire Insurance Company of Michigan and others against Mary Engel and others to restrain prosecution of pending and future suits at law. Bill dismissed. Plaintiffs appeal. Affirmed.

*Leibrand & Leibrand,* for plaintiffs.

*John B. Bennett (Jones & Patek,* of counsel), for defendants.

BUTZEL, J.   On March 24, 1932, shortly after our opinion was rendered in *Engel* v. *State Mutual Rodded Fire Insurance Co.,* 257 Mich. 245, Mary Engel began a suit at law against the same insurance company in the circuit court of Ontonagon county. The following month she began another suit at law in the same court against the insurance company and certain of its officers. Summonses were duly issued in both suits, but the declarations have not yet been filed.   Plaintiffs in the instant case, who were the defendants in these two suits at law, filed motions to dismiss, but the motions have not yet been heard. On May 26, 1933, the insurance company and its officers brought suit in the circuit court for the county of Genesee in chancery against Mary Engel, Viola Engel, Elsie Engel Summers, Myrtle Engel Sain and Charles Engel (who were plaintiffs in the equity suit in 257 Mich. 245), to restrain them from prosecuting the suits pending in Ontonagon county. The bill of complaint, styled a bill of peace, sets forth at some length the previous litigation between

the insurance company and the defendants. It alleges that in 1924 one Robert C. Engel, husband and father of the defendants herein, secured from plaintiff company an insurance policy for $1,200 on his home in Ontonagon county, and $1,100 on the household goods contained therein; that Robert  C. Engel died on April 22, 1925, and his estate was duly probated and an order of assignment was made; that thereafter the policy was permitted to remain in the name of the deceased, to whom annual notices of assessment were sent and to whom such assessments were credited on the books of the company, until July 22, 1929, when a large fire loss occurred; that after efforts to reach a settlement of the insurance claim had failed, Mary Engel brought suit against the insurance company in the circuit court for Ontonagon county, on the policy running to Robert C. Engel (a reference to the opinion handed down by this court in 257 Mich. 245, shows that this suit was not brought by Mary Engel individually, but as administratrix of the estate of her husband, Robert C. Engel); that although the court granted a motion made by Mrs. Engel's attorney to transfer the case to the equity side of the court, the case was subsequently dismissed, and the costs, assessed at $135, were never paid, plaintiff being unnecessarily put to a great expense in defending the suit; that thereafter Mary Engel and her children, defendants in the instant case, in order to further vex and harass plaintiff insurance company, began suit in equity to reform the policy and to collect the amount claimed to be due thereon; that a decree in their favor, rendered by the trial court, was reversed by this court on appeal, in a decision dismissing the bill of complaint; that defendants then instituted the law suits now pending in Ontonagon county for

the purpose of further harassing the plaintiffs; and that all of said successive suits involve the same questions and the same right of action which has been determined by this court and has become *res judicata* by our opinion in 257 Mich. 245. The bill asks that the defendants and each of them be restrained from further prosecuting the suits at law now pending in the Ontonagon county circuit court, or from bringing any further suits arising out of the subject matter.

A temporary injunction was issued by the Genesee county circuit court in compliance with the prayer of the bill. On July 2, 1932, the defendants appeared specially in the instant suit and moved that the summons and the injunction be quashed and the bill of complaint dismissed on the ground that the summons was dated May 26, 1932, and returnable the same day, and on the further ground that the bill did not contain a direct prayer for process of injunction, although injunctional relief was prayed for. The trial judge denied the motion to dismiss and set aside the injunction, but ordered that the service upon defendants be quashed and *alias* summonses be issued as though no service had been made. After being served with an *alias* summons, defendants filed another motion to dismiss, in which they contended that upon the face of the bill the purpose of the injunction prayed for was to prevent the trial of a personal action at law, and that plaintiffs had failed to comply with the requirements of 3 Comp. Laws 1929, § 14350, requiring the execution of a bond as a condition precedent to the issuance of an injunction in such cases; that the actions at law in Ontonagon county having been commenced prior to the filing of the bill of complaint, the Genesee court had no jurisdiction, and that plaintiffs had

an adequate remedy at law in the proceedings pending in the circuit court of Ontonagon county. The court entered an order dismissing the bill, but continuing the injunction during the pendency of an appeal, upon plaintiffs filing a proper bond in compliance with 3 Comp. Laws 1929, § 14350.

Plaintiffs claim that the objections raised in the second motion to dismiss were waived by defendants' failure to include them in the first motion, under Court Rule No. 27, § 6 (1933), which provides that all motions attacking a pleading must be filed and served within 15 days after its receipt and shall include all objections to the pleading attacked and to proceedings up to date in the case, and that all objections not stated in the motion shall be deemed waived. In denying defendants' first motion to dismiss, the trial court held that a proper summons had not been issued in the case and, therefore, quashed the service, granting plaintiffs the right to issue an *alias* summons. Since defendants appeared only specially for the sole purpose of quashing the service of an improper summons, they were not obliged to attack the bill of complaint on account of any inherent defects. When they did appear specially after having been served with a proper summons, they were not precluded from making an attack going to the merits of plaintiffs' claim. The defects apparent on the face of the bill were such that they could not be waived, being of the nature that are fatal at any stage of the proceeding. *L. J. Mueller Furnace Co.* v. *Wayne Circuit Judge,* 226 Mich. 672. While such objections should be raised within the time provided by the rule, nevertheless the court will not refuse to consider them even if subsequently raised. The objections were not curable by amendment of the pleadings.

Plaintiffs further claim that as all of the allegations of the bill must be taken as true, on a motion to dismiss, it has therefore stated a complete case for a bill of peace. However, plaintiffs themselves allege that, prior to the filing of the bill, they made motions to dismiss the law cases pending in the Ontonagon circuit court, which motions have not yet been heard, and further, that declarations have not yet been filed in either of the pending law cases, so that neither the nature of those cases nor the grounds upon which they are based can be determined. In the brief filed by defendants in the instant case, it is claimed that the suits now pending in Ontonagon county are based upon the fraud and negligence of the plaintiffs, and that the declarations will set up causes of action in tort. The only question adjudicated by the former case was defendants' right to reform the insurance policy and to recover thereon. In *Detroit Trust Co.* v. *Hunrath,* 168 Mich. 180, 192, this court adopted the following definition of a bill of peace, as found in Adams, Equity (8th Ed.), p. 199:

"A bill of peace is a bill filed for securing an established legal title against the vexatious recurrence of litigation, whether by a numerous class insisting on the same right or by an individual reiterating an unsuccessful claim. The equity is, that if the right be established at law, it is entitled to adequate protection."

Plaintiffs' bill of complaint does not show that the law suits now pending in Ontonagon county constitute a vexatious recurrence of litigation in reiteration of an unsuccessful claim, inasmuch as the nature of such suits is not indicated.

Plaintiffs further claim that Mary Engel's failure to file declarations in the Ontonagon county suits

within 15 days after the issuance of the summonses constitutes a violation of Court Rule No. 27, § 1 (1933). The delay, since May 26, 1932, is attributable to the injunction secured by plaintiffs. The failure to file a declaration within 15 days is an irregularity which may be corrected on proper showing. *Goodspeed* v. *Smith,* 161 Mich. 688; *Sczesny* v. *Wayne Circuit Judge,* 245 Mich. 438. Plaintiffs, having filed motions to dismiss in the Ontonagon county proceedings, have an adequate remedy at law.

The decree of the trial court dismissing the bill is affirmed, with costs to defendants.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.