ENGEL v. STATE MUTUAL RODDED FIRE INS. CO.

1. INSURANCE—MUTUAL FIRE POLICY—DEATH OF MEMBER—ASSIGN-
   MENTS—NOTICE.
   Under mutual fire insurance company's policy providing that
   upon death of a member, insurance on his property would con-
   tinue until estate was distributed or assigned, mere knowledge
   of death of the insured would not render insurer's conduct in
   accepting assessment payments actionable in action by widow
   to whom the property was assigned so long as the insurer had
   no knowledge of the assignment.

2. SAME—MUTUAL FIRE POLICY—DEATH—NOTICE OF ORDER OF DIS-
   TRIBUTION—NEGLIGENCE—FRAUD—ESTOPPEL.
   Evidence that after death of member of mutual fire insurance
   company, order of distribution of estate and assignment to
   plaintiff widow, defendant company continued to send notices
   of assessment and accept payment thereof in accordance with
   terms of policy, after obtaining knowledge of death but in
   ignorance of order distributing estate and assignment to plain-
   tiff, held, insufficient to show negligence, fraud or deceit on
   part of insurer or to estop it from asserting plaintiff was not
   a member where neither plaintiff nor her assignors, the other
   heirs, had applied for membership.

3. ESTOPPEL—EQUITABLE ESTOPPEL.
   An estoppel arises when one by his acts, representations, or ad-
   missions, or by his silence when he ought to speak out, inten-
   tionally or through culpable negligence induces another to
   believe certain facts to exist and such other rightfully relies
   and acts on such belief, so that he will be prejudiced if the
   former is permitted to deny the existence of such facts.

4. INSURANCE—MUTUAL FIRE COMPANY—MEMBERSHIP—ESTOPPEL.
   Membership in a mutual fire insurance company cannot be ob-
   tained by estoppel.

5. SAME—FRAUD—EVIDENCE.

In action against mutual fire insurance company for negligence, fraud and deceit on part of defendant in allegedly making it appear to plaintiff, widow and assignee of property, covered by insurance prior to member's death, that such property was insured after his death by sending notices of assessment and accepting premiums, claim that defendant fraudulently concealed issuance, after fire loss, of a policy to herself and son *held*, wholly without support in the testimony.

6. SAME—TENDER OF REPAYMENT OF PREMIUMS.

In action by widow of former member of mutual fire insurance policy based on alleged negligence, fraud, deceit and estoppel to deny she was a member of the company at time of fire loss sustained after estate had been distributed, tender of repayment of assessment to her *held*, sufficient to avoid liability, since defendant was entitled to retain prior assessments while estate was being probated as insurance was then in force.

7. SAME—MUTUAL FIRE COMPANY—CONTRACTS.

In action between widow of member of mutual fire insurance company and the company, court may not write new contract for the parties, since rights of other members are involved and must be protected.

Appeal from Ontonagon; Driscoll (George O.), J. Submitted June 22, 1937. (Docket No. 31, Calendar No. 39,268.)  Decided October 4, 1937.

Case by Mary Engel against State Mutual Rodded Fire Insurance Company for damages for alleged fraud and deceit in insuring property against fire loss.  Judgment for plaintiff.  Defendant appeals. Reversed.

*John B. Bennett* (*Jones & Patek,* of counsel), for plaintiff.

*Leibrand & Leibrand* (*Lawrence W. Walsh,* of counsel), for defendant.

NORTH, J. Plaintiff, on trial before the court without a jury, had judgment. The counts on which the case was submitted are in tort and charge that plaintiff sustained damage because of negligence, fraud and deceit on the part of the defendant mutual fire insurance company, the charge being the company led plaintiff to believe that certain property was insured in defendant company when in fact it was not so insured and in consequence thereof plaintiff sustained a fire loss of the uninsured property. The judgment, seemingly on the ground of estoppel, was for $2,300, this being the amount for which plaintiff supposed the property was insured. Defendant has appealed.

For approximately five years prior to his death, April 22, 1925, Robert C. Engel was an agent of defendant insurance company. On July 30, 1924, he insured in defendant company his farm dwelling for $1,200 and its contents for $1,100. There was total loss by fire on July 22, 1929. Robert C. Engel by will left his property to plaintiff and four children, but the rights of all have been assigned to plaintiff and she may be considered the sole party in interest. She was named in the will as executrix and was so appointed June 17, 1925. Subsequent to the death of Robert C. Engel (of which defendant was promptly notified) notices of accruing annual assessments were addressed and mailed either to. Robert C. Engel or to plaintiff, there being some dispute in this particular in the testimony. All such assessments due prior to the fire loss were timely paid by plaintiff or by her son who acted for her in some instances. The remittance of 1926 purported to come from Robt. C. Engel; that of 1927 from Mrs. Robt. C. Engel; and the one in 1928 from the son of the insured, Chas. J. Engel. Under the terms of the insurance contract it continued in force, if the

policy requirements were complied with, after the death of the insured until assignment or distribution of the property of which the insured died seized. The by-laws provision reads:

"Section 9.   The policy of a deceased member shall remain in full force and effect so long as the property remains as the estate of the deceased, and so long as the estate is unsettled and the requirements in the charter and by-laws are complied with."

The letter by which defendant was informed of the death of Robert C. Engel shortly following his death was written by the latter's son, and was confined to inquiry as to what disposition should be made of the blank forms, supplies, etc., which at the time of his death were in the possession of Robert C. Engel as agent of the defendant company.   Aside from this letter and the reply thereto no other communication relative to the death of the insured passed between these parties prior to the fire.   Notwithstanding defendant was advised of the death of the insured, it mailed the notices of assessments for 1926, 1927 and 1928, and received payment from plaintiff in the manner hereinbefore stated.   In each instance the notice in substance read:

"Robt. C. Engel,
    Ewen, Box 122,  .
        Mich.
                    *    *    *
                July—1926—Notice of Assessment.
                        Policy No. 39173.
                        Ass't       $23.64.
"Dear Sir:   This assessment is due and payable on or before the last day of August.   Should we not receive it on or before the last day of August, your policy will stand suspended as provided in article 10 of the charter."

Defendant claims the manner in which the notices of assessments, the remittances and payments, and the receipts therefor, were handled was in accord with its regular method and with the provisions of the insurance contract which, in event of the death of the insured, continued pending probate proceedings and distribution or assignment of the insured property. The order distributing or assigning the Engel estate was made February 17, 1926; but defendant had no notice or knowledge of such order until after the fire (July 22, 1929) when its representative undertook adjustment of the loss. The adjuster at once advised plaintiff he did not think the insurance company was legally bound to pay the loss because the ownership of the insured property had been transferred by assignment of the Engel estate more than two years prior to the fire. A compromise settlement for $1,200 was suggested by the adjuster, but after taking legal advice, such contemplated compromise was rejected by plaintiff. Shortly thereafter plaintiff, as executrix of the Engel estate, began a suit against the defendant herein, but that suit was later dismissed. This litigation has been before this court on two former appeals, *Engel* v. *State Mutual Rodded Fire Ins. Co.,* 257 Mich. 245; *State Mutual Rodded Fire Ins. Co.* v. *Engel,* 269 Mich. 348. On December 4, 1930, before the instant case was commenced, defendant tendered its checks to plaintiff in repayment of the premiums received for the years 1926, 1927 and 1928, but these checks were returned. Again at the trial defendant tendered in cash repayment of these premiums.

As before stated, plaintiff now relies solely upon her suit in tort. As outlined in her brief, the negligence relied upon is that the defendant insurance company, having knowledge of the death of Robert C. Engel, failed within a reasonable time thereafter

to cancel the policy issued to the deceased or to accept plaintiff as a member of the defendant mutual company and issue a policy to her prior to the fire, or in the alternative reject her as a member of defendant company so that she might secure insurance elsewhere; also acceptance and retention of the assessments for 1925, 1926, 1927 and 1928, and failing to notify plaintiff that she was not a member of defendant company and was not protected by the policy theretofore issued to her husband, and in failing to return the assessments and to notify plaintiff that she was not insured under said policy; and further by negligently holding out to plaintiff that she was a member of defendant company and insured therein by sending notices of assessments (as claimed by plaintiff) to Mrs. Engel for the years above noted, and accepting and retaining payment of such assessments.

A count in the declaration for fraud and deceit is based upon substantially the same facts as alleged in the count for negligence with the addition that such conduct on the part of the defendant company is alleged to have been false, fraudulent and deceitful.

Consideration of the legal aspect of this case must start from the undisputed fact that prior to the fire loss neither plaintiff nor those who have assigned their rights to her were members of or insured in the defendant mutual company, nor were any of them applicants for membership therein. For this reason many cases cited in appellee's brief are not in point. This is not a case wherein the insurer has negligently or fraudulently failed to notify the insured of cancellation of his policy, nor one wherein there has been negligent or fraudulent delay in accepting or rejecting an application for insurance and thereby leading the applicant to believe in the mean-

time that he was insured. Also, because many authorities cited in appellee's brief are of that character, it should be noted this is not a case wherein the insurer continued to carry a policy and accept payments of premiums or assessments after it had knowledge of the invalidity of the policy.

Under the insurance contract in the instant case, which in event of the death of the insured continued until distribution or assignment of the insured property by the probate court, knowledge of the death of the insured did not render defendant's conduct in accepting assessment payments actionable so long as defendant had no knowledge of the assignment of the estate of deceased. In the interim the insurer was not obligated to cancel the policy or to give a notice of the character above mentioned to either plaintiff or her assignors prior to its having notice of the assignment of the estate, if it was obligated to do so at all. Plaintiff and her assignors, as parties to whom the Engel estate was left, were in a far better position than defendant to know when the estate was assigned; and they were bound to know that as such assignees of the estate they were not members of the mutual company and were not protected by the policy theretofore issued to plaintiff's deceased husband.

As to the alleged negligent or fraudulent retention of premiums paid, there is no evidence in this case that defendant prior to the fire loss negligently, falsely, fraudulently or deceitfully held out to plaintiff or any of her assignors that they were members of defendant company, nor were they lured into a sense of security by any word or act of the defendant. The sending of notices of assessments subsequent to the death of Robert C. Engel was in full accord with the insurance contract and in no sense negligent, fraudulent or deceitful; and the same

may be said of the acceptance and retention of the 1926, 1927 and 1928 assessments, since defendant had no notice prior to the fire loss that the insured property in the estate had been assigned. The testimony in this record does not sustain recovery on the ground of negligence, fraud or deceit.

The issue of estoppel is also discussed in the briefs; but the testimony does not sustain plaintiff's contention that defendant by its conduct hereinbefore outlined is now estopped from denying that plaintiff was a member of the defendant mutual company, or that her property was insured therein. The facts do not bring this case within the conditions under which an estoppel arises.

"It is a familiar rule of law that an estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts." *Kole* v. *Lampen,* 191 Mich. 156.

In passing it may also be noted that we have repeatedly held membership in a mutual fire insurance company cannot be obtained by estoppel. *Kamm & Schellinger Brewing Co.* v. *St. Joseph County Village Fire Ins. Co.,* 168 Mich. 606, 622; *Crank* v. *State Mutual Rodded Fire Ins. Co.,* 239 Mich. 642; *Kinne* v. *Farmers Mutual Fire Ins. Co.,* 241 Mich. 637.

In the briefs there is also discussion relative to plaintiff's claim that defendant insurance company concealed from her the issuance after the fire loss of a policy to plaintiff and her son, Charles R. Engel, such policy being signed by the officers of the defendant company on August 6, 1929, and covering the same property and being in lieu of the policy

issued to Robert C. Engel in 1920. Plaintiff's claim of concealment is wholly without support in the testimony and merits no further consideration.

Defendant's tender of repayment of the 1926, 1927 and 1928 assessments, which it had received from plaintiff, was a sufficient tender. It covered all assessments paid by her subsequent to the assignment or distribution of the estate of Robert C. Engel, deceased. Prior to that time the insurance was in force and defendant was entitled to retain the assessment paid for that period.

Since it is unnecessary to decision we pass appellant's contention that plaintiff cannot recover in this suit because of former election of remedies, *res judicata,* unassignability of tort action, etc. As was stated by Justice Butzel in our opinion on a former appeal of this litigation: "We cannot write a new contract for the parties." *Engel v. State Mutual Rodded Fire Ins. Co., supra.* Nor can we out of thin air conjure negligence, fraud or deceit in consequence of which defendant may be required to reimburse plaintiff in whole or in part for her unfortunate loss. The rights of other members of defendant mutual company are involved and must be protected.

A careful review of this record satisfies us that plaintiff in this tort action has not established a right to recover. The judgment entered in the circuit court will be vacated and the case remanded for entry of judgment for defendant, with costs. Appellant will have costs in this court.

Fead, C. J., and Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.