CLARK *v.* DETROIT CURLING CLUB.

1. CORPORATIONS—NONPROFIT CORPORATIONS—MERGER—TRUST MORT-
   GAGES.

> The transfer of all of the assets of a nonprofit corporation, which
> was defunct and then without right to file a delinquent report
> and revive the charter, to a new nonprofit corporation without
> consideration subject to trust mortgage then incumbering such
> assets but without any evidence of assumption with promise
> to pay obligations of the old corporation would not render the
> new corporation liable to pay trust mortgage bond to holder
> since such transaction did not effect a merger.

2. MORTGAGES—TRUST MORTGAGES—NONPROFIT CORPORATIONS—REM-
   EDY OF BONDHOLDER.

> The remedy of a bondholder under a trust mortgage upon prop-
> erty of a defunct nonprofit corporation that had been trans-
> ferred without consideration to a new nonprofit corporation
> which had received the property subject to the mortgage but
> had not agreed to pay it, if any, is through foreclosure of the
> mortgage by the trustee where the property has not been re-
> leased, and there has been no liquidation of the old corporation,
> no merger in point of law, and no estoppel fastening liability
> upon the new corporation to respond to bondholder.

Appeal from Wayne; Cramton (Louis C.), J., pre-
siding. Submitted April 17, 1941. (Docket No.
73, Calendar No. 41,567.) Decided June 30, 1941.

Assumpsit by Raymond L. Clark against Detroit
Curling Club, a Michigan corporation, on a bond.
Judgment for plaintiff. Defendant appeals. Re-
versed.

*Stanley E. Beattie,* for plaintiff.

*Peck & Kramer,* for defendant.

WIEST, J.  This is an action at law to recover on a $500 bond, issued by the Detroit Curling Club, a nonprofit corporation, October 1, 1924, and due October 1, 1939.  The bond, secured by trust mortgage, is one of a series aggregating $30,000, issued by the then Detroit Curling Club, which was organized in December, 1916.  For failure to file its annual report the charter of the corporation was forfeited September 1, 1931, under the provisions of law at that time applicable, without right to file a delinquent report and revive the charter.  The corporation possessed real estate and personal property and the bond issue was to raise money for equipment and improvements.  On April 7, 1932, articles of incorporation were executed by seven of the members of the defunct corporation and, April 15, 1932, the defendant, a nonprofit corporation by the same name, was organized and many members of the old corporation were accepted as members of the new upon payment of dues.  April 12, 1932, the old corporation, by warranty deed and bill of sale, wholly without consideration, conveyed all of its real and personal property to the new corporation. The bonds of the old corporation were secured by a trust mortgage to the Union Trust Company of Detroit on all the corporate property, real and personal.  At the time of such transfer there were bonds to the amount of $21,400 in principal, plus defaulted interest, unpaid.

The deed to the new corporation recited that it was subject to the trust mortgage but contained no covenant or undertaking by the grantee to assume and pay the same.  There is no provision in the corporate minutes of either corporation to the effect that transfer of the assets was made a condition

that the indebtedness of the old corporation was to be assumed by the new corporation.

The new corporation, in 1933 and 1934, in its annual reports listed a liability of $20,000 on a mortgage, but in its annual reports for subsequent years recited that the mortgage was a lien on the real estate and the club was not liable.

The circuit judge found the new corporation liable on the bond by reason of merger and estoppel.

Defendant appeals.

There was no merger, for the old corporation was defunct and a subject for liquidation only. There was no assumption with promise to pay obligations of the old corporation. The new corporation is not liable to respond in payment of the mortgage bond to plaintiff.

Remedy, if any, is through the trustee, as the property covered by the mortgage has not been released and foreclosure in behalf of all bondholders may be had. There has been no liquidation of the old corporation, no merger in point of law, and no estoppel fastening liability upon the new corporation to respond to plaintiff as holder of the bond sued upon.

The judgment is reversed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, and BUTZEL, JJ., concurred with WIEST, J.

SHARPE, C. J. (*concurring*). I concur in the opinion of Mr. Justice WIEST. There was no merger or consolidation of the old corporation with the new corporation.

In *Pingree* v. *Railroad Co.*, 118 Mich. 314, 338 (53 L. R. A. 274), we adopted the following definition of the term "consolidation":

" 'The term "consolidation" is an elastic one, and may include a union of two or more corporations into a new one, with a different name, with or without extinguishing the constituent corporations, or the merger of two or more corporations into another existing corporation under the name of the latter.' " 2 Elliott on Railroads, § 335.

And in *Shadford* v. *Railway,* 130 Mich. 300, 306, we again defined the term:

" 'The word "consolidation" is used to denote any conjunction or union of the stock, property, or franchises of two or more corporations, whereby the conduct of their affairs is permanently, or for a long period of time, placed under one management, whether the agreement between them be by lease, sale, or other form of contract, and whether its effect be the dissolution of neither of the companies, or whether one of them be dissolved and its existence be merged in the corporate being of the other, or whether it result in the dissolution of both companies, and the creation of a new corporation out of such portions of the original companies as enter into the new.' 1 Beach, Private Corporations, § 326.''

In order that there be a merger or consolidation, there must be two or more distinct and existing corporations which unite to form one unit. In the case at bar, there was but one existing corporation, which precludes the possibility of merger or consolidation.

It is next urged that there was an assumption of liability by defendant, and plaintiff relies upon *Garey* v. *Kelvinator Corp.,* 279 Mich. 174, where it is said:

" 'Where a corporation purchased the assets of another and expressly agreed to pay its debts, the creditors of the latter may sue such purchasing cor-

poration on the contract as a contract made for their benefit.' "

The above rule is correct, but in the instant case, the facts are not within its scope.

Plaintiff also urges that defendant company was estopped to deny its liability to plaintiff. We are not in accord with this claim.

In *Engel* v. *State Mutual Rodded Fire Ins. Co.,* 281 Mich. 520, we reaffirmed the rule stated in *Kole* v. *Lampen,* 191 Mich. 156:

"It is a familiar rule of law that an estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts."

The record in this case does not substantiate the claim that plaintiff acted upon and relied on the representation made by defendant when it listed the bonded indebtedness of the old corporation in its annual reports for the years 1933 and 1934 as a liability. Plaintiff has mistaken his remedy and may not recover in this case.

The judgment is reversed, with costs to defendant.

BOYLES, J. concurred with SHARPE, C. J. McALLISTER, J., took no part in this decision.