RUZITZ *v.* SERBIAN NATIONAL HOME SOCIETY.

1. CORPORATIONS—REPORTS—VOID CHARTER—CONTINUANCE OF EXISTENCE.

A corporation whose charter has become void for failure to comply with the provisions of the general corporation law requiring it to file annual reports and pay the required fee does not cease to exist, but remains a body corporate to hold and have possession of its property and to conserve the same until due proceedings are had either to cure the default, which caused the loss of the charter, or to wind up its affairs in an orderly manner (Act No. 327, Pub. Acts 1931, as amended).

2. SAME—ASSENT.

The legislature may not compel any person or society to become incorporated without its assent.

3. ESTOPPEL—UNAUTHORIZED ACTS OF OTHERS.

No one is bound to trouble himself about the unauthorized acts or statements of others, unless he has put himself in a position where others will, by his fault, be misled by his conduct unless he takes steps to undeceive them.

4. CORPORATIONS—MERGER—REORGANIZATION—TRANSFER OF ASSETS.

Where charter of nonprofit nonstock corporation, organized in 1916, became void in 1933 for failure to file annual reports and pay fees under general corporation act, but continued to operate a home for persons of Slav ancestry and did not transfer its assets to corporation of same name, organized in 1942, the new corporation was not a merger or a reorganization of the old corporation, hence had no title or interest in real or personal property of old corporation (2 Comp. Laws 1915, §§ 9054-9062; Act No. 327, Pub. Acts 1931).

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MEMBER'S EXHAUSTION OF REMEDY PURSUANT TO BYLAWS OF NONPROFIT CORPORATION.

Question as to whether or not plaintiff had exhausted his remedy before bringing suit as is provided in bylaws of old nonprofit

corporation of which he was a life member is not considered in suit against new nonprofit corporation of which he is not a member and which was a separate and distinct entity from the old corporation, where such question was not raised before the trial court and is presented in brief on appeal for the first time (2 Comp. Laws 1915, §§ 9054–9062; Act No. 327, Pub. Acts 1931).

6. SAME—QUESTIONS REVIEWABLE—RIGHT TO SUE.

Whether or not plaintiff, a life member of a nonprofit corporation operating a home for aged people, had the right to bring suit against a subsequently organized nonprofit corporation to declare that new nonprofit corporation subsequently organized had no interest in property of old corporation *held,* raised under pleadings (2 Comp. Laws 1915, §§ 9054–9062; Act No. 327, Pub. Acts 1931).

7. CORPORATIONS—BUSINESS MANAGED BY DIRECTORS.

Business affairs of corporation are managed by directors unless stockholders properly intervene.

8. SAME—CORRECTION OF MISMANAGEMENT—INTERVENTION OF COURT.

Stockholder may not invoke intervention of court without request for action by corporate officers and refusal by such officers to act, unless they are disqualified by misconduct equivalent to breach of trust or occupy relation which prevents unprejudiced exercise of judgment, and, therefore, request for action would be futile.

9. SAME—RIGHT TO SUE—DIRECTORS—NONPROFIT CORPORATIONS.

Where plaintiff, a life member of old nonprofit corporation. operating a home for aged people, which corporation had lost its charter because of failure to file annual reports or pay fees required by statute, had made no request to officers and directors of such corporation to begin suit against new corporation and it is not shown they are disqualified or that such request would be futile, bill to declare new nonprofit corporation had no interest in property of old corporation was properly dismissed (2 Comp. Laws 1915, §§ 9054–9062; Act No. 327, Pub. Acts 1931).

Appeal from Wayne; Murphy (George B.), J. Submitted April 3, 1946. (Docket No. 33, Calendar No. 43,142.) Decided September 11, 1946. Rehearing denied October 18, 1946.

Bill by Steva Ruzitz against Serbian National Home Society, a Michigan corporation, for decree

determining that defendant has no title to certain real estate. Decree for defendant. Plaintiff appeals. Affirmed.

*Duncan C. Beath,* for plaintiff.

*Ivan A. Marohnic,* for defendant.

Sharpe, J. Plaintiff filed a bill of complaint in the chancery court of Wayne county seeking a determination that defendant, the Serbian National Home Society, incorporated in 1942, has no estate or interest in the following described real estate: "Lots 7 and 8 of Andrus and Warren Subdivision of part of the Riopelle Farm between Farnsworth street and Ferry avenue, Detroit, Michigan, according to a plat thereof recorded in liber 16 of plats, page 2, Wayne county, Michigan records;" nor any interest in certain personal property of the value of $500.

The material facts necessary to decision are not in dispute and are as follows. The Serbian National Home Society was incorporated in 1916 as a non-profit corporation under Act No. 171, Pub. Acts 1903, as amended,* which provided for incorporation "for any lawful purposes other than pecuniary profit" and, with certain exceptions, required "all new corporations not organized for profit and having no capital stock" to be organized under it. The articles of association stated the purpose of the corporation as follows:

"To provide a home for aged and infirm persons of Serbian nationality. To provide and promote intellectual development of people of Serbian na-

---

* 2 Comp. Laws 1915, §§ 9054–9062.—Reporter.

tionality; and to disseminate knowledge among Serbian people and otherwise develope them spiritually and mentally.''

The corporation became the owner of the two parcels of land in the city of Detroit above referred to upon which it constructed a building, which it is agreed has a value of approximately $7,000.

In 1927 the bylaws of the corporation were amended and contain the following provisions:

''Sec. 2. The Serbian National Home, being built by the Serbian people of the city of Detroit and vicinity, shall serve for the following purposes:

''a. To promote brotherhood and brotherly love among its people.

''b. To promote educational and cultural sentiments of the Serbian people and other Slavs among its members.

''c. To establish a school (The question shall be decided upon by two thirds of the entire membership of the Society) in which Serbian children shall be taught their mother language, and educated so that they may become good citizens of the United States.

''d. To hold educational lectures of such nature that the people may be enlightened and their social condition bettered.

''e. To permit holding meetings to those beneficial societies which are or may become active members of the Serbian National Home Society.

''f. To permit holding public meetings of such a nature as to make or help to make social conditions of Serbian people and other Slavs better.

''Sec. 3. Any Serbian, male or female, including other Slavs, of good character and who have proved that he has been good in the past, working for the benefit and progress of Serbians and other Slavs may become a member of the Serbian National Home Society.''

The corporation operated the home under the amended bylaws until 1942, at which time it came to the attention of the corporation that its charter had been voided for failure to file annual reports and pay fees under Act No. 327, Pub. Acts 1931.* At this time a meeting of the members of the old corporation was called for November 1st and they were advised that the corporation was operating without a charter; and that there was no legislative act in effect by which it could be revived.

In the latter part of November, 1942, articles of incorporation of the Serbian National Home Society, a nonprofit and nonstock corporation, were filed under the provisions of Act No. 327, Pub. Acts 1931.* The assets of the old corporation of the same name were listed as assets of the new corporation. Steva Ruzitz, plaintiff herein and a life member of the old corporation, did not consent to the actions taken at the November 1st meeting, took no part in the new corporation, and is not a member of the new corporation.

On June 24, 1943, plaintiff, as a life member of the old corporation, filed a bill in equity against the 1942 corporation alleging that the old corporation has never conveyed title to the property and still owns the property; that plaintiff as a life member of the old corporation has a vested interest in the property; that the charter of the old corporation became absolutely void and the corporation ceased to exist about the year 1933; and that the corporation's powers having been suspended, it has been legally incapable of transacting any business since that date except to dissolve in the manner provided by law. He asks, in addition to general

---

* As amended, see Comp. Laws Supp 1940, § 10135-1 *et seq.*, Stat. Ann, § 21,1 *et seq.*—REPORTER.

equitable relief, that the court adjudge title to the property to be in the original corporation; and that the court permanently enjoin the defendant from asserting any claim in the premises adverse to the original corporation.

Defendant, the new corporation, filed an answer in which it claims that the society incorporated in 1916 and the society of the same name incorporated in 1942 are one and the same corporation with all the members of the old corporation participating and receiving the same benefit and privileges as under the old corporation; that plaintiff and all members of the old corporation are now members of the new corporation; that the Serbian National Home Society is a nonstock and nonprofit corporation; that plaintiff is not entitled to have a receiver appointed against the interest of over 151 members; that the new corporation is protecting the interest of all members of the new corporation and the old corporation; that subsequent to the loss of its charter, the Serbian National Home Society conducted its business as a *de facto* corporation; and that the *de facto* corporation with the consent and approval of its old members at a special meeting called for that purpose did incorporate; it denies that plaintiff, the only dissatisfied member, is entitled to have a receiver appointed and asks that plaintiff's bill of complaint be dismissed.

The cause came on for hearing and was referred to a circuit court commissioner who made a finding of facts and recommended that the bill of complaint be dismissed upon the ground that plaintiff is not entitled to the relief sought in his bill of complaint.

The trial court, on January 4, 1945, filed an opinion stating: "In my opinion, plaintiff has no individual rights in equity that he may assert here,

and there is no equity in his bill." A decree dismissing plaintiff's bill of complaint was entered on January 12, 1945. Plaintiff appeals.

It is conceded that the charter of the original Serbian National Home Society was voided on or about the year 1933; and that in 1942 there was no act in effect permitting it to file a delinquent report and revive its full corporate status. It is now well settled that a corporation whose charter has become void for failure to comply with the provisions of the general corporation law requiring it to file annual reports and pay the required fee does not cease to exist, but remains a body corporate to hold and have possession of its property and to conserve the same until due proceedings are had either to cure the default, which caused the loss of the charter, or to wind up its affairs in an orderly manner. *John J. Gamalski Hardware, Inc.,* v. *Wayne County Sheriff,* 298 Mich. 662 (136 A. L. R. 1155).

Such was the status of the old corporation when the new corporation was organized. Whether such new corporation was in effect a reorganization of the old corporation and became vested with the property of the latter depends in the first instance upon whether corporate action by a majority of the members of the defunct corporation could legally effect such purpose.

In *Mason* v. *Finch,* 28 Mich. 282, the problem presented was whether an unincorporated society had become merged in a corporation. We there said:

"It would not be competent for the legislature, and no attempt has been made by it, as we think, to compel any person or society to become incorporated without its assent. Nor is there any method that we are aware of whereby anyone can become incorporated, or a member of any private corporation, without taking some steps for that purpose. It

requires the assent of every member to bring him in, and not his dissent to keep himself out. No one is bound to trouble himself about the unauthorized acts or statements of others, unless he has put himself in a position where others will, by his fault, be misled by his conduct unless he takes steps to undeceive them. And when an association is claimed to have become incorporated, and to have given up its old conditions, some action must appear whereby such a result has been fully authorized.  *  *  *

"If we assume that the ten persons who signed the corporate articles of the incorporated body claimed to act on behalf of the chapter whose Masonic charter they annexed to the agreement, the question at once arises, — where did they get their authority to do so? It could only have been derived from the unanimous consent of the members, or from a consent given by persons having authority to bind the rest."

See, also, *Schiller Commandery No. 1, United Friends of Michigan,* v. *Jaennichen,* 116 Mich. 129; *Detroit Society for the Study and Prevention of Tuberculosis* v. *Detroit Society for the Study and Prevention of Tuberculosis,* 167 Mich. 102; *Clark* v. *Detroit Curling Club,* 298 Mich. 339; and *In re Columbia Hotel Company of Kalamazoo, Michigan,* 29 Fed. Supp. 848.

Under the authority above cited there was no merger of the old and new Serbian Home Societies, nor can it be said that the new corporation was a reorganization of the old corporation. The new corporation was a separate and different corporation from the old corporation. As the old corporation did not transfer its assets to the new corporation, the defendant corporation has no title or interest in the property in question.

In the pleadings filed in this cause plaintiff denies that he is a member of the new corporation. It should be noted that the present suit is not against

the old corporation, but is a suit against the new corporation. The record substantiates plaintiff's claim that he is not a member of the new corporation. Defendant urges that plaintiff has failed to exhaust his remedy within the society before bringing suit as is provided in the bylaws of the old corporation. There might be some merit to this claim if plaintiff's suit was against the old corporation, but in view of the fact that plaintiff is not a member in the new corporation, he is not bound by its bylaws. Moreover, this question was not raised before the trial court and is presented for the first time in defendant's brief. It cannot now be presented as an issue to be decided.

In the answer filed by defendant the question is raised as to plaintiff's right to question the validity of the name of the new corporation, or the right to the appointment of a receiver. We think the pleadings raise the question of plaintiff's right to bring the instant suit.

In *Burch* v. *Norton Hotel Company*, 261 Mich. 311, plaintiff, an individual stockholder, brought suit against defendant corporation and others for an accounting as to alleged excessive salaries. Plaintiff was a stockholder in defendant corporation. In affirming the decree dismissing plaintiff's bill of complaint, we said:

"It is familiar law that the business affairs of a corporation are managed by the directors, unless stockholders properly intervene. A stockholder may not invoke the intervention of a court without request for action by the corporate officers and refusal by such officers to act, unless the officers are disqualified by misconduct equivalent to a breach of trust or occupy a relation which prevents an unprejudiced exercise of judgment, and, therefore, a request for action would be futile."

See, also, *Ayres* v. *Hadaway,* 303 Mich. 589.

In the case at bar, plaintiff, as a member of the old corporation made no request to the officers and directors of the old corporation to begin a suit against the new corporation. The facts and circumstances of this case do not bring plaintiff within the exception mentioned in the *Burch Case, supra.*

The decree of the trial court is affirmed, with costs to defendant.

Butzel, C. J., and Carr, Bushnell, Boyles, Reid, and North, JJ., concurred. Starr, J., took no part in the decision of this case.